<pre>
                     UNITED STATES DISTRICT COURT

                       EASTERN DISTRICT OF CALIFORNIA

LARRY CHARLES CLEVELAND,            CASE NO. 1:06-cv-01554-AWI DLB PC

            Plaintiff,              ORDER ADOPTING FINDINGS AND
                                    RECOMMENDATIONS, AND DISMISSING
     v.                             ACTION FOR PLAINTIFF'S FAILURE TO
                                    STATE A CLAIM, AND FAILURE TO
T. PETERSON, et al.,                OBEY A COURT ORDER

            Defendants.             THIS DISMISSAL SHALL COUNT AS A
                                    STRIKE PURSUANT TO 28 USC 1915(g)
                                /
</pre>

Plaintiff Larry Charles Cleveland ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On June 24, 2008, the Magistrate Judge filed a Findings and Recommendations herein which was served on Plaintiff and which contained notice to Plaintiff that any objection to the Findings and Recommendations was to be filed within thirty days. Plaintiff did not file a timely Objection to the Findings and Recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis. As explained in the Findings and Recommendations, Plaintiff has failed to comply with the court's order to file an amended complaint.

In addition, the original complaint failed to state a claim as explained by the Magistrate Judge

1

in the February 13, 2008 order. In light of the court's February 13, 2008 order, this case can be dismissed for Plaintiff's failure to state a claim. See Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (if court determines that complaint fails to state claim, leave to amend may be granted to extent that complaint's deficiencies can be cured); Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to dismissing for failure to state a claim).

Finally, the Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil action. . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff is advised that because this action is being dismissed for failure to state a claim, it will count as a strike pursuant to Section 1915(g).

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed June 24, 2008, are adopted in full; and
2. This action is dismissed with prejudice for Plaintiff's failure to state a claim upon which relief may be granted, and for failure to obey the court's order of February 13, 2008.

IT IS SO ORDERED.

**Dated:   August 15, 2008**              /s/ Anthony W. Ishii
                                          CHIEF UNITED STATES DISTRICT JUDGE